KEZIAH AULTMAN, claimant, plaintiff in error, *vs.* JAMES AULTMAN, adm'r, defendant in error.

When a claim has been interposed to prevent a sale by an executor, and the executor has tendered an issue, he may withdraw such issue, and dismiss the case, and do so against the consent of the claimant.

Claim, in Crawford Superior Court. Decision by Judge CABINESS, at March Term, 1857.

James Aultman, administrator of James Aultman, deceased, advertised certain personal property, consisting of corn, fodder, household furniture, cows, hogs, &c., to be sold as the estate of his intestate. Keziah Aultman interposed her claim, as provided by statute in such cases, and the case coming on to be tried, upon issue joined, the parties went to the jury, and the administrator submitted his testimony, after which he moved to withdraw the issue and dismiss the case, which the Court allowed, and permitted him to dismiss. To which decision claimant excepted, and assigns the same as error.

G. P. CULVERHOUSE, for plaintiff in error.

R. G. HUNTER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

We regard the motion in this case, as an application by the executor, for leave to abandon his attempt to sell; and we regard the judgment, as an act of the Court granting that leave. In the ordinary claim case, it is common for the plaintiff in *fi. fa.*, to ask, and to receive, permission to dismiss his levy. The effect, in that case, is, to put an end to the cause; for, according to the construction which has been put upon the general claim Acts, the plaintiff in *fi. fa.* is the plaintiff in the ordinary claim case. And every reason that

exists why, in the ordinary claim case, the plaintiff in *fi. fa.* should have the right to abandon his attempt to sell, seems equally to exist, why in this kind of claim case, the executor should have the right to abandon his attempt to sell.

So, in like manner, every reason that exists why the plaintiff in *fi. fa.* should be considered, in the ordinary claim case, the plaintiff in the case, equally exists, why in this sort of claim case the executor should be considered, the plaintiff in the case.

And then the Act under which this sort of claim is put in has in it these words: "and the right of property shall be there tried, upon an issue made up, in the same manner and under the like regulations, restrictions, and penalties, as are laid down in the judiciary for the trial of the right of property levied on under executions." *Cobb Dig.* 316.

We think, then, that this sort of claim case is as much in the power of the executor, as the ordinary sort, is in the power of the plaintiff in the *fi. fa.*; and, therefore, we think, that the decision of the Court below was right.

Judgment affirmed.